**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4893**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES ROBERT BONNETTE,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, District Judge. (7:19-cr-00004-D-1)

Submitted: June 24, 2021                  Decided: August 18, 2021

Before GREGORY, Chief Judge, NIEMEYER, and HARRIS, Circuit Judges.

Dismissed in part, affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, Banumathi Rangarajan, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Robert Bonnette pled guilty, pursuant to a written plea agreement, to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and was sentenced to 188 months' imprisonment, to be followed by a lifetime term of supervised release. In announcing the conditions of supervised release at sentencing, the district court stated that Bonnette would be expected to "comply with the mandatory and standard conditions as well as" certain "additional conditions" of supervised release. The written criminal judgment contained "mandatory" and "standard" conditions, as well as "additional standard conditions of supervision." The additional standard conditions included the terms of release announced by the district court at sentencing and two additional terms requiring that Bonnette "shall not incur new credit charges or open additional lines of credit without approval of the probation office" and that he "shall provide the probation office with access to any requested financial information."[*]

Bonnette's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but arguing that Bonnette's sentence is substantively unreasonable. Although informed of his right to file a supplemental pro se brief, Bonnette has not done so. The Government moves to dismiss

---

[*] The Eastern District of North Carolina has adopted a standing order specifying standard conditions of supervised release that includes these two conditions. *See In re Mandatory and Standard Conditions of Probation and Supervised Release*, 20-SO-8 (E.D.N.C. June 25, 2020), *available at* http://www.nced.uscourts.gov/data/StandingOrders/20-SO-8.pdf. However, this standing order had not yet been adopted at the time of Bonnette's November 25, 2019, sentencing.

2

the appeal as barred by the appellate waiver included in Bonnette's plea agreement. We grant the Government's motion to dismiss, in part, affirm Bonnette's conviction, vacate his sentence, and remand for resentencing.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). "Generally . . . , if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Our review of the record confirms that Bonnette knowingly and voluntarily waived his right to appeal, with limited exceptions not applicable here. We therefore conclude that the waiver is valid, and we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope.

In imposing Bonnette's supervised release conditions, the district court failed to announce two discretionary conditions of supervised release that it ultimately included in the written judgment. A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing. *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020). This "requirement . . . gives defendants a chance to object to conditions

that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in [18 U.S.C.] § 3583(d)." *Id.* at 300. In *United States v. Singletary*, we explained that a challenge to discretionary supervised release terms that were not orally pronounced at sentencing falls outside the scope of a plea waiver because "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have *not* been 'imposed' on the defendant." 984 F.3d 341, 345 (4th Cir. 2021). In situations such as Bonnette's, where the district court fails to announce or otherwise incorporate the discretionary conditions of supervised release, the appropriate remedy is to vacate the sentence and remand for a full resentencing hearing. *See id.* at 346 & n.4.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We therefore dismiss the appeal as to all issues within the waiver's scope and affirm Bonnette's conviction, but we vacate his sentence and remand for resentencing. Because we vacate the sentence, we do not address at this juncture any potential issues related to Bonnette's sentence. *See Singletary*, 984 F.3d at 346-47 (declining to consider additional challenges to original sentence). This court requires that counsel inform Bonnette, in writing, of the right to petition the Supreme Court of the United States for further review. If Bonnette requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bonnette.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*